UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN ALVARADO,

        Petitioner,

Case No. 1:05-CV-249

HON. RICHARD ALAN ENSLEN

v.

MARY BERGHUIS,

        Respondent.

**FINAL ORDER**

_____/

      This matter is before the Court on Petitioner Ruben Alvarado's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation issued May 13, 2005. Said Report recommended the denial of Petitioner's Petition for Writ of *Habeas Corpus* because the petition was time barred by the one-year statute of limitations. This Court now reviews the Report, the Objections and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636.

      Petitioner objects to the Magistrate Judge's determination that equitable tolling of the one-year statute of limitations did not apply in Petitioner's case. Petitioner's objections assert that in making such a determination, the Magistrate Judge did not take into consideration that Petitioner "does not understand English, reading or writing." (Obj. at 2.)

      Petitioner asserts that he meets the five criteria for equitable tolling set forth in and *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). *See also Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). In *Andrews v. Orr*, the Sixth Circuit Court of Appeals specifically identified five factors to consider when determining the appropriateness of equitable tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's

rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008-09. The Sixth Circuit has also noted that such tolling should be used sparingly and that a petitioner bears the burden of showing entitlement to equitable tolling. *Id.*; *see Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

Considering the factors set forth in *Andrews*, this Court determines that Petitioner has not met his burden of showing he is entitled to equitable tolling of the statue of limitations. As in *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), this Court finds that the record belies any claim that difficulty with language prevented Petitioner from filing his petition in a timely manner.[1] Therefore, Petitioner's objection will be denied.

Petitioner also makes a general assertion that equitable tolling should apply because of the "external impediment of being placed in the hole (administrative segregation)." (Obj. at 2.) However, MDOC Policy Directive 04.05.120(X) states that "a prisoner in any type of segregation shall be provided with. . . (15) reasonable access to legal property. . .[including]. . .materials

---

[1]In 1992 and 1994, Petitioner sought, and was denied, leave to appeal his conviction and sentence from the Michigan Court of Appeals and Michigan Supreme Court. In 1995, Petitioner filed a motion for appointment of counsel and a Motion to withdraw his guilty plea which was denied by the Kalamazoo County Circuit Court. Petitioner then appealed to the Michigan Court of Appeals. In 1997, Petitioner filed his first motion for relief from judgment which was denied by the circuit court. In 2003, Petitioner filed a second motion for relief from judgment which was also denied. In 2004, the Michigan Court of Appeals denied reconsideration and the Michigan Supreme Court denied leave to appeal. Upon review, it is evident from this record and the clarity of Petitioner's language in his petition and objections in this case that Petitioner does not have difficulty filing timely motions as a result of language difficulties.

pertaining to the prisoner's personal litigation. . . [and] (16) [i]nstitution law library services in accordance with PD 05.03.115 'Law Libraries.'"

Upon review, Petitioner has failed to show he is entitled to equitable tolling. Petitioner has not indicated the dates or duration he was placed in administrative segregation or why he was unable to timely file his petition as a result of his placement. *See, e.g., Price v. Jamrog*, No. 03-1463, 2003 WL 22435645 at *2 (6th Cir. 2003) (unpublished). For those reasons and the reasons set forth in the Report, Petitioner's objection will be denied.

Petitioner lastly asserts that has demonstrated a credible claim of actual innocence and is entitled to equitable tolling of the habeas limitation period. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). To support a claim of actual innocence a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Souter*, 395 F.3d at 590 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner has submitted no new evidence or affidavit in support of his claim of actual innocence. Therefore, Petitioner's objection will be denied.

For the above reasons, Petitioner's objections will be denied and the Report will be adopted. Having so determined, the Court must individually examine the claims to determine whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Section 2253(c) permits a certificate only when a petitioner has made a "substantial showing of the denial of a constitutional right." These words have been interpreted by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) and *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) as applying the standard given in *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4

(1983). Namely, a petitioner must show "that reasonable jurists could debate whether (or . . . agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893, n.4).

Upon review of each of the issues raised in the Petition, the Court determines for the above reasons and the reasons set forth in the Report that none of the issues are "reasonably debatable" or "deserve encouragement" on appeal. As such, a certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Ruben Alvarado's Objections to the Report and Recommendation (Dkt. No. 7) are **DENIED**, the Report and Recommendation (Dkt. No. 6) is **ADOPTED**, the Petition for Writ of *Habeas Corpus* (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all issues raised in the Petition.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 23, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |